IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLTON CHRISTOPHER DUSS,

    Plaintiff,

v.

CAPTAIN JAMES MAKI, LT. GADKE, and SARGENT ANDRE,

    Defendant.

OPINION and ORDER

24-cv-433-jdp

---

Plaintiff Colton Christopher Duss, proceeding without counsel, challenges his conditions of confinement at the Chippewa County jail. I understand him to be raising two issues: (1) he is not receiving outdoor recreation; and (2) his meals do not include fruit.

The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Duss must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that he must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Duss's allegations do not state a claim upon which relief may be granted. But I will give him an opportunity to file an amended complaint if he has additional facts to support his claims.

ANALYSIS

It is reasonable to infer that Duss is a pretrial detainee, which means that his claims are governed by the Due Process Clause of the Fourteenth Amendment. The question under the Due Process Clause is whether the detainee's conditions of confinement were "objectively unreasonable and excessive in relation to any legitimate non-punitive purpose." *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). Conditions may be unreasonable when they deprive a detainee of basic necessities such as food, water, shelter, clothing, and sanitation. *See id.* at 820. The court considers both the severity and the duration of a deprivation. *Id.* at 824.

Duss first says that he has not received any "outdoor recreation" for more than three months. There is a right to exercise while incarcerated, at least when the deprivation lasts so long that it threatens the prisoner's health. *See Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). But neither the Supreme Court nor the Court of Appeals for the Seventh Circuit have held that there is a right to outdoor exercise or to recreation generally apart from exercise. *See Smith v. Erickson,* 684 Fed. Appx. 576, 578–79 (7th Cir. 2017); *Thomas v. Ramos,* 130 F.3d 754, 763–64 (7th Cir. 1997); *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988). This court has stated that "direct sunlight itself does not appear to be a 'basic human need,'" but "a plaintiff may establish that sunlight is a necessary element to his physical or psychological health, or that lack of sunlight otherwise exposes him to a substantial risk of serious harm." *Lindell v. Schneiter*, 531 F.Supp.2d 1005, 1013 (W.D. Wis. 2008). Duss does not allege that he suffered any adverse health consequences from not being outside.

All of the cases cited above involved convicted prisoners rather than pretrial detainees, and claims brought by convicted prisoners are evaluated under the Eighth Amendment, which

applies a more demanding standard than the Due Process Clause. In one case involving a detainee's inability to exercise outdoors, the court rejected the claim in part because the detainee was an escape risk, so "the limitation on his access to the outdoors [was] related to a legitimate prison concern." *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988). This raises the question whether there may be some circumstances in which a lack of access to the outdoors could be a violation of the Due Process Clause—even in the absence of a concrete health issue—if jail officials did not have a legitimate reason for keeping a detainee indoors.

I need not decide in this order the scope of Duss's right under the Due Process Clause to exercise or recreate outdoors. Regardless of the scope of a detainee's rights, Duss has not provided fair notice of his claim. He does not say that he was denied the opportunity to exercise indoors or that his health was affected by staying indoors, and he does not identify the reason he was denied outdoor recreation. Without that information, Duss has not stated a claim under the Due Process Clause. I will give him an opportunity to file an amended complaint to add allegations about those issues.

Duss also has not stated a claim on his food-deprivation claim. The general rule is that a prisoner has a right to nutritionally adequate food, but not to the diet of his choice. *Williams v. Berge*, 102 Fed. Appx. 506, 507 (7th Cir. 2004); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). The only thing that Duss says about his diet is that he did not receive any fruit. That allegation alone does not state a claim for a constitutional violation. *See, e.g.*, *Medford v. Fitz,* No. 17-cv-1012, 2018 WL 692288, at *4 (S.D. Ill. Feb. 2, 2018); *Swanigan v. Trotter*, 645 F. Supp. 2d 656, 682 (N.D. Ill. 2009). A balanced diet may include fruit, and it is one way that the jail could provide Duss with nutrition. But it is not the only way. For example, if Duss received vegetables instead of fruit, that might be less appetizing, but it would not be less

nutritious. Duss does not say anything about the food he *did* receive, so I cannot determine whether he received a nutritionally inadequate diet. I will dismiss this claim but give Duss an opportunity to amend his complaint to include more allegations about his diet.

If Duss chooses to file an amended complaint, he should also consider whether he has named the correct defendants. A jail official may not be sued for a constitutional violation unless he was personally involved in the unconstitutional conduct. *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). In a case like this one challenging a detainee's conditions of confinement, this means that Duss must sue officials who were responsible for imposing the conditions or at least knew about them and had the authority to change them. *See id*.

Duss has sued three jail officials. He alleges that two of them—Gadke and Andre—were involved in denying a grievance that Duss filed about the issues in this case. It is reasonable to infer at the pleading stage that those two officials knew about Duss's situation and could have taken some action to help him. But Duss does not allege that James Maki was involved in any decisions about Duss's conditions of confinement. Duss says only that Gadke "refuse[d] to let [Duss] appeal" his grievance to Maki. If Gadke prevented Duss from exhausting his administrative remedies, that would prevent defendants from obtaining a dismissal under 42 U.S.C. § 1997e(a), but it would not be a separate claim. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). In any event, Duss does not allege that *Maki* took any action against him. If Duss chooses to include Maki in any amended complaint that he files, Duss must explain why he believes that Maki was personally involved in violating his rights.

ORDER

IT IS ORDERED that:

1. Plaintiff Colton Christopher Duss's complaint is DISMISSED without prejudice for his failure to provide fair notice of his claims.

2. Duss may have until November 26, 2024, to file an amended complaint to clarify his claims as discussed in this opinion.

3. If Duss does not respond by November 26, I will dismiss the complaint with prejudice, record a strike a under 28 U.S.C. § 1915(g), and direct the clerk of court to enter judgment. *See Paul v. Marberry*, 658 F.3d 702, 704–06 (7th Cir. 2011).

Entered November 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge